## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SHAEDA BURGESS, individually, and on
behalf of other similarly situated individuals,

        Plaintiff,

vs.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD. a Florida limited
partnership, d/b/a UNIVERSAL ORLANDO
RESORT,

        Defendant.

Case No. 6:19-cv-02156

Judge Wendy W. Berger

Magistrate Judge Leslie R. Hoffman

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## TO REMAND PRESENT MATTER TO STATE COURT

This Court should deny Plaintiff's Motion to Remand Present Matter to State Court ("Motion to Remand") (Doc. 15).  Plaintiff's Motion to Remand ignores Supreme Court authority holding that a notice of removal need only satisfy Rule 8 pleading standards, which require neither an explicit discussion of Article III in the notice of removal nor evidentiary submissions in connection with a notice of removal.  Defendant, Universal City Development Partners, Ltd. ("Defendant")'s notice of removal clearly meets Rule 8 pleading requirements because it asserts federal question jurisdiction over claims brought under a federal statute.  Moreover, Defendant has consistently recognized that this Court is bound by Eleventh Circuit authority concerning Article III jurisdiction, including the forthcoming *en banc* decision in *Muranksy v. Godiva Chocolatier, Inc.*, No. 16-16486.  Defendant should be awarded its fees and costs incurred in responding to the Motion to Remand because Plaintiff is taking

inconsistent positions regarding Article III jurisdiction over her claims, simultaneously asserting jurisdiction yet asking the Court to remand for lack of jurisdiction.

### Background

On April 22, 2019, the Eleventh Circuit issued a decision in *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir.), *reh'g en banc granted, opinion vacated*, 939 F.3d 1278 (11th Cir. 2019), holding that the plaintiff, who alleged that he suffered an injury in the form of an increased risk of identity theft by the printing of a receipt with more than the last five digits of his credit card number, had sufficiently alleged a concrete injury for Article III standing. *Id.* at 1189-90.

On June 5, 2019, Plaintiff filed a case in this federal Court, alleging that Defendant violated the Fair and Accurate Transactions Act, 15 U.S.C. § 1681c(g)(1) ("FACTA"), by printing more than the last five digits of her credit card number on a receipt. *Burgess v. Universal City Dev. Partners*, No. 6:19-cv-01041 (M.D. Fla.) ("*Burgess I*"). On September 11, 2019, Defendant filed a motion to dismiss *Burgess I* for failure to state a claim, pursuant to Rule 12(b)(6). (*Burgess I*, Doc. 32.) Defendant's motion also included a brief alternate argument, pursuant to Rule 12(b)(1), that explicitly "recognizes that this Court is bound by the Eleventh Circuit's application of Article III standing in *Muransky*" and challenged jurisdiction solely "to preserve the issue for appeal." (*Burgess I*, Doc. 32 at 19.) In opposing Defendant's motion, Plaintiff spent five pages arguing that this Court has Article III jurisdiction over her FACTA claims. (*Burgess I*, Doc. 35 at 17-22.)

On October 4, 2019, the Eleventh Circuit vacated the panel decision in *Muransky* and ordered the case to be reheard *en banc*. *Muranksy v. Godiva Chocolatier, Inc.*, 16-16486, 2019 WL 4891989 (11th Cir. Oct. 4, 2019).

On October 14, 2019, Plaintiff moved for a stay of *Burgess I* pending the *en banc* decision in *Muransky*.  (*Burgess I*, Doc. 40.)  The Court later granted Plaintiff's motion to stay *Burgess I*.  (*Burgess I*, Doc. 44.)

Meanwhile, on October 16, 2019, Plaintiff filed this duplicative case ("*Burgess II*") in state court. (*Burgess II*, Doc. 1-1.)  Defendant timely removed *Burgess II* to this Court on November 12, 2019.  (*Burgess II*, Doc. 1.)

On December 10, 2019, Plaintiff filed the Motion to Remand, in which she asserts she "is confident that the Eleventh Circuit or the Supreme Court will find that standing exists," but nonetheless asks the Court to remand this case because Defendant's notice of removal "does not even mention the issue of subject matter jurisdiction."  (*Burgess II*, Doc. 15 at 3.)

The Eleventh Circuit has not yet issued its *en banc* opinion in *Muransky*.

## Argument

### I.	Plaintiff Misstates The Applicable Legal Framework.

Plaintiff's entire Motion to Remand is based on the erroneous premise that a notice of removal must include an explicit discussion of Article III standing, as well as evidence supporting Article III standing.  However, the Supreme Court has made crystal clear that a notice of removal is subject only to the same notice pleading standards as complaints pursuant to Rule 8 of the Federal Rules of Civil Procedure.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014).  There is no requirement in the Federal Rules of Civil Procedure or in any of the removal statutes that a notice of removal—or a complaint for that matter—contain an explicit argument concerning Article III jurisdiction.  *See* Fed. R. Civ. P. 8; 28 U.S.C. §§ 1331, 1332, 1441, 1446.  Plaintiff has not identified even a single case (because there are none, as far as Defendant is aware) which holds that a notice of removal must contain

an explicit discussion of Article III jurisdiction.  Here, Plaintiff alleged a claim under a federal statute, and Defendant removed the case based on federal question jurisdiction.  That is all that is required under *Dart Cherokee* and Rule 8.

Plaintiff's argument that "Defendant has the burden of proving all federal subject matter jurisdictional prerequisites are met, including the requirements of Article III standing" misses the mark.  (Doc. 15 at 5.)  For purposes of the notice of removal, "[a] statement 'short and plain' need not contain evidentiary submissions."  *Dart Cherokee*, 574 U.S. at 84.  "When, as here, a case is at the pleading stage," a court's analysis focuses on whether the complaint "allege[s] facts demonstrating" an injury-in-fact sufficient to support standing.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal quotation marks omitted).  Plaintiff does not (and cannot) dispute that the face of her complaint alleges a claim under federal law, and that Defendant removed this case based on federal question jurisdiction.  The only issue the Court must decide for purposes of an injury-in-fact challenge to the pleadings is whether Plaintiff's factual allegations, taken as true, state an injury-in-fact that is concrete and particularized enough to satisfy Article III's requirement that federal courts decide only "Cases" and "Controversies."  That is a legal question answered by looking at the face of the complaint, not a factual question that requires evidentiary submissions.  *See id.*  Whether Plaintiff ultimately will be able to prove any of the factual allegations in her complaint, and whether Plaintiff ultimately will be able to prove that she was injured and is entitled to damages, are all merits questions that have nothing to do with injury-in-fact analysis.

Plaintiff also makes a nonsensical argument that removal "serves no other purpose than delaying a resolution on the merits" and consequently "is prejudicial to Plaintiff and the putative class." (*Burgess II*, Doc. 15 at 7.)  However, Defendant has a statutory right to remove

cases raising a federal question.  *See* 28 U.S.C. §§ 1331, 1441, 1446; 14C Fed. Prac. & Proc. Juris. § 3721 (Rev. 4th ed.) ("[T]he Supreme Court noted that the removal of actions within the original jurisdiction of the federal courts is prohibited only if Congress expressly so provides—so removability is the norm.  Removal gives a defendant who has been sued in a state court the right to substitute a federal forum for the state court originally selected by the plaintiff." (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003)).  Plaintiff does not cite any authority supporting the notion that a court may decline to exercise jurisdiction merely because the plaintiff would prefer to stay in state court—a notion that runs directly contrary to the removal statutes that give Defendant the right to remove this case.  That Plaintiff may prefer to litigate this case in state court (while also simultaneously litigating the duplicative *Burgess I* case in federal court) has no bearing on Defendant's right to remove.

## II.     Defendant Acknowledges This Court Is Bound By Eleventh Circuit Authority Concerning Article III Jurisdiction.

Defendant acknowledges that the Eleventh Circuit previously ruled in *Muransky* that there is Article III jurisdiction over claims like Plaintiff's.  If the Eleventh Circuit's *en banc* decision affirms *Muransky*, Defendant acknowledges that this Court will be bound by that interpretation of Article III standing.  Defendant has not raised any challenges to the Court's jurisdiction in *this* case, but rather has filed a motion to dismiss based on the first-filed rule and on Rule 12(b)(6) pleading deficiencies.

Plaintiff incorrectly asserts that Defendant is raising lack of Article III jurisdiction in *Burgess I* "as the primary ground for dismissal it seeks there."  (*Burgess II*, Doc. 15 at 6.) However, Defendant's motion to dismiss *Burgess I* primarily argues that Plaintiff has failed to state a claim, pursuant to Rule 12(b)(6).  (*Burgess I*, Doc. 32 at 5-18.)  Defendant's motion to

dismiss in *Burgess I* only includes a brief alternate argument, pursuant to Rule 12(b)(1), that explicitly "recognizes that this Court is bound by the Eleventh Circuit's application of Article III standing in *Muransky*" and challenges jurisdiction solely "to preserve the issue for appeal." (*Burgess I*, Doc. 32 at 18-20.)  Although Defendant presented the Court in *Burgess I* with authority from other circuits holding that claims like Plaintiff's do not support Article III jurisdiction—and believes those decisions are better reasoned than *Muransky*—Defendant concedes that the Eleventh Circuit's decision will be controlling on this district court, absent a later Supreme Court decision to the contrary.

In light of Defendant's explicit acknowledgement in both *Burgess I* and *Burgess II* that this Court will be bound by *Muranksy*, Plaintiff's argument that Defendant cannot "simply ignor[e] the issue of subject matter jurisdiction" is entirely irrelevant.  (*Burgess II*, Doc. 15 at 8; *see also id.* at 8 n.2 (collecting cases).)  In most of the cases Plaintiff cites, the defendant removed but then affirmatively argued in the removed case that the court lacked jurisdiction— something Defendant has not done here.  *See Collier v. SP Plus Corp.*, 889 F.3d 894, 895 (7th Cir. 2018) (remanding case after defendant moved to dismiss for lack of subject-matter jurisdiction because both parties argued that the plaintiffs lacked Article III standing); *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834 (N.D. Ill. 2017) (remanding case where defendant removed and then filed Rule 12(b)(1) motion, even though defendant subsequently withdrew Rule 12(b)(1) motion); *Terrell v. Costco Wholesale Corp.*, No. C16-1415JLR, 2017 WL 2169805, at *1 (W.D. Wash. May 16, 2017) (defendant removed and then argued court lacked subject-matter jurisdiction); *Black v. Main St. Acquisition Corp.*, No. 5:11-CV-0577 LEK/DEP, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (defendant removed and then argued court lacked subject-matter jurisdiction).  In another case, the parties agreed after

removal that the court lacked Article III jurisdiction—again something that has not occurred here.  *See Soto v. Great Am. LLC*, No. 17-CV-6902, 2018 WL 2364916, at \*2 (N.D. Ill. May 24, 2018) (parties agreed, after plaintiff moved to remand, that court lacked jurisdiction).

Plaintiff's remaining cases are not on point.  *See Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 781 F.3d 1271, 1279-83 (11th Cir. 2015) (involving post-discovery analysis of whether organization had sufficiently demonstrated its members suffered injury-in-fact to support organizational standing); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009) (involving analysis of standing under ERISA, not injury-in-fact analysis); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447–48 (7th Cir. 2005) (discussing which party bears burden of demonstrating jurisdiction); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (analyzing whether district court properly found parties were citizens of different states for purposes of diversity jurisdiction); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999) (determining, as legal issue based on pleadings, whether state university was citizen of that state for purposes of diversity jurisdiction).  Two are not even good law.  *Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*, 849 F.2d 1197 (9th Cir. 1988), *opinion withdrawn and superseded*, 858 F.2d 1376 (9th Cir. 1988); *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972), *rev'd sub nom. O'Shea v. Littleton*, 414 U.S. 488 (1974), *and vacated sub nom. Spomer v. Littleton*, 414 U.S. 514 (1974).

Because federal statutes require a case to be removed within 30 days of service of the complaint on the defendant, Defendant did not have the luxury of waiting for a decision in *Muransky* prior to determining whether to remove this case.  Defendant acknowledges that if

*Muransky* is affirmed, this Court has Article III jurisdiction over Plaintiff's claims in both *Burgess I* and *Burgess II*.

### III.   Plaintiff Is Not Entitled To Fees And Costs.

Even if the Court were to remand this case, which it should not, the cases Plaintiff cites make clear that she is not entitled to an award of fees or costs.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the fact that the Eleventh Circuit has previously held in *Muransky* that federal courts do have Article III jurisdiction over claims like Plaintiff's, gives Defendant an objectively reasonable basis for removal, regardless of how *Muransky* ultimately is decided. *See Mocek*, 220 F. Supp. 3d at 914–15 (explaining that sanctions would not have been appropriate if defendant had "[sought] to establish federal jurisdiction, regardless of whether I may ultimately have concluded that plaintiff lacked standing under *Spokeo*"); *Soto*, 2018 WL 2364916, at *6 (denying plaintiff's motion for fees and costs where defendant had reasonable basis for seeking to establish jurisdiction, even though court ultimately remanded case).

### IV.   Plaintiff's Inconsistent Motions Violate The FCRA's Prohibition On Frivolous Motions And Entitle Defendant To Its Fees And Costs.

The Fair Credit Reporting Act, of which FACTA is a part, provides that "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."  15 U.S.C. § 1681n(c).  Similarly,

federal law specifies that "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Defendant should be awarded its fees and costs incurred in responding to Plaintiff's Motion to Remand under Section 1681n(c), Section 1927, or the Court's inherent authority. Plaintiff invoked this Court's jurisdiction over her claims by filing *Burgess I* in federal court, and has argued extensively in *Burgess I* that the Court has Article III jurisdiction over her claims.  (*Burgess I*, Doc. 35 at 17-22 (arguing, in opposition to Defendant's motion to dismiss that this Court has Article III jurisdiction over her FACTA claims).)  Even Plaintiff's Motion to Remand filed in *Burgess II* asserts she "is confident that the Eleventh Circuit or the Supreme Court will find that standing exists." (*Burgess II*, Doc. 15 at 3.)  Yet despite taking the position in both *Burgess I* and *Burgess II* that this Court has Article III jurisdiction over her claims, she has asked the Court to remand *Burgess II* for lack of Article III jurisdiction.

Plaintiff's conduct—simultaneously invoking and disavowing the Court's jurisdiction—is, ironically, precisely the circumstance under which the court awarded sanctions in the case that Plaintiff cites in her Motion to Remand.  *See Mocek*, 220 F. Supp. 3d at 914 (awarding sanctions where party "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction").  Defendant respectfully requests that the Court award Defendant its fees and costs incurred in responding to Plaintiff's frivolous motion to remand.  *See Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2014) (affirming imposition of sanctions under court's inherent authority where party pursued frivolous Fair Credit Reporting Act case).

**Request for Oral Argument Under Local Rule 3.01(j)**

Defendant respectfully requests oral argument on this motion.  Defendant estimates that the time required for oral argument will be one (1) hour.

**Conclusion**

For the foregoing reasons, Universal City Development Partners, Ltd. respectfully requests that the Court enter an Order denying Plaintiff's Motion to Remand.


Dated:  December 23, 2019

Respectfully submitted,

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.

By:  _/s/ Joel Griswold_

Joel Griswold jcgriswold@bakerlaw.com
rbouey@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088
Facsimile:  (407) 841-0168

_Counsel for Defendant,_
_Universal City Development Partners, Ltd._

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above

and foregoing document was served this 23rd day of December, 2019, via the court's CM/ECF

system upon all counsel of record.


*/s/ Joel Griswold*
Joel Griswold

4828-1163-4862.1