UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAEDA BURGESS

    Plaintiff,

v.                                             Case No:  6:19-cv-2156-Orl-78LRH

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

    Defendant.
_____/

## CASE MANAGEMENT REPORT

Without waiving their respective positions on dismissal, consolidation, stay, or remand of this case, the parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) | January 24, 2020 |
| Motions to Add Parties or Amend Pleadings | March 20, 2020 |
| Disclosure of Expert Reports     Plaintiff:<br>Defendant:<br>[Recommended: 1–2 months before discovery deadline] | August 28, 2020<br>September 28, 2020 |
| Discovery Deadline | November 6, 2020 |
| Deadline to File Motion for Class Certification | December 4, 2020 |
| Dispositive and *Daubert* Motions<br>[Required: 5 or more months before the trial term begins] | April 5, 2021 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | August 9, 2021 |

1

| | |
|---|---|
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form) [Recommended: 4 weeks before trial term begins] | August 30, 2021 |
| All Other Motions (including motions in limine and trial briefs) [Required: 2 months before trial term begins] | July 26, 2021 |
| Trial Term | October 2021 |
| Estimated Length of Trial [trial days] | 2 days |
| Jury/Non-Jury | Jury |
| Mediation Deadline: Mediator: Mr. Rodney Max Address: Upchurch Watson White & Max 1400 Hand Avenue, Suite D Ormand Beach, FL 32174<br><br>Telephone:<br>[Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | November 6, 2020 |
| Parties Consent to Proceed Before a Magistrate Judge | Yes___ No_X_ |

## I.     MEETING OF PARTIES IN PERSON

Lead counsel and any unrepresented parties must meet *in person* and not by telephone absent an order permitting otherwise. The meeting shall take place in the Middle District of Florida unless counsel and any unrepresented parties agree on a different location. Counsel and any unrepresented parties hereby certify that a meeting was held on December 26, 2019 at 9:00 AM and was attended by:

<u>Scott Owens</u>        <u>Counsel for Plaintiff</u>
  Name            Counsel for/party

<u>Joel Griswold</u>        <u>Counsel for Defendant</u>
  Name            Counsel for/party

## II.     INITIAL DISCLOSURES

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties ___ have exchanged _X_ agree to exchange (check one) information described in Rule 26(a)(1)(A)–(D) by <u>January 24, 2020</u> (date).

### III.   ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case.

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

6. Any issues relating to preservation of discoverable ESI.

7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

\_X All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV.  AGREED DISCOVERY PLAN

**A.    Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to

4

being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No       Amended Certificate will be filed by _____ (party) on

or before _____ (date).

**B.       Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

**C.       Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

      2. Interrogatories

      3. Document Requests

      4. Requests to Admit

      5. Supplementation of Discovery

    **D.**    **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

    **E.**    **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

In order to avoid consuming the parties' and the Court's time and resources on potential discovery issues relating to experts, the parties have agreed to certain limitations on the scope of expert discovery in this matter.  Neither the terms of the stipulation nor the parties' agreement to them implies that any of the information restricted from discovery in this Stipulation would be otherwise discoverable.  The following categories of data, information, or documents need not be disclosed by any party, and are outside the scope of permissible discovery (including deposition questions):

1. Drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded;

2. Communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(b), regardless of the form of the communications, except to the extent that the communications:

   a) Relate to compensation for the expert' study or testimony;

   b) Identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

   c) Identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

F. **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each

confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: The parties expect to submit a proposed protective order.

### G. Other Matters Regarding Discovery

The parties agree as follows:

The parties stipulate that in the event that any deposition already noticed by one side is cross-noticed by the other side, it shall not count against the deposition limit for the side making the cross-notice. The parties stipulate that that pre-deposition notice requirements set forth in M.D Fla. L.R. 3.02 shall be modified and provide that any side is to provide at least twenty-one days advance notice of any deposition. The parties do not anticipate the need for changes to any discovery limitations at this time.

The parties agree that materials that are not required to be filed via CM/ECF *shall* be served via email at the following email addresses: As to Plaintiff: scott@scottowens.com and james@consumerrightslawgroup.com and as to Defendants: jcgriswold@bakerlaw.com. Plaintiff and Defendant agree that service of papers required to be served pursuant to Fed. R. Civ. P. 5(a) but not filed, such as discovery requests, may be made via email to the addresses above. Plaintiff and Defendant thus consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and waive any right to receive service by any other means of papers required to be served pursuant to Fed. R. Civ. P. 5(a) but not filed.

## V.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

### A. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ Yes—binding

\_\_\_\_\_ Yes—non-binding

\_\_X\_\_ No

**B.     Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator as set forth in the table above, and they have agreed to the date stated in the table above as the last date for mediation. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

**C.     Settlement**

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

**D.     Other Alternative Dispute Resolution**

The parties intend to pursue the following other method(s) of alternative dispute resolution: None.

Dated this 2nd day of January 2020, by:

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties.

By: s/ *Scott D. Owens*
Scott D. Owens
Scott D. Owens, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, Florida 33019
T: 954.589.0588 / F: 954.337.0666
scott@scottdowens.com

James S. Giardina
Fla. Bar No. 0942421
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com

*Counsel for Plaintiff*

s/ *Joel C. Griswold*
Joel C. Griswold
Baker & Hostetler, LLP
SunTrust Center
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088
jcgriswold@bakerlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on January 2, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel of parties, if any, who are not authorized to receive electronically Notice of Electronic Filing.

By: */s/ Scott D. Owens*
Scott D. Owens, Esq.