# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHAEDA BURGESS,

        Plaintiff,

v.                                  Case No:  6:19-cv-2156-Orl-78LRH

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,

        Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Complaint (Doc. 18) and Plaintiff's Response in Opposition (Doc. 26). Also before the Court is Plaintiff's Motion to Remand (Doc. 15) and Defendant's Opposition (Doc. 19) thereto. For the reasons set forth herein, the Motion to Dismiss will be granted in part and the Motion to Remand will be denied as moot.

**I.   BACKGROUND**

On June 5, 2019, Plaintiff filed *Burgess v. Universal City Development Partners, Ltd.*, Case No. 6:19-cv-1041-Orl-78LRH ("**Burgess I**"), alleging claims for violations of the Fair and Accurate Credit Transactions Act ("**FACTA**"), 15 U.S.C. § 1681c(g), against Defendant. *See generally Burgess I*, Doc. 1. Defendant moved to dismiss *Burgess I*, arguing that Plaintiff lacked Article III standing. *See id.*, Doc. 32. On October 14, 2019, Plaintiff moved to stay *Burgess I*, *id.*, Doc. 40, pending the Eleventh Circuit's rehearing en banc of a similar standing issue in *Muransky v. Godiva Chocolatier, Inc.*, Case No. 16-16486, which this Court granted, *Burgess I*, Doc. 44.

While the Motion to Stay remained pending in *Burgess I*, Plaintiff refiled this litigation in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, on October 16, 2019. (*See generally* Doc. 1-1). Defendant timely removed the case ("**Burgess II**") to this Court based on federal question jurisdiction. (Doc. 1 at 2). Thereafter, Plaintiff moved to remand this case to state court, and Defendant moved to dismiss. *Burgess I* remains stayed and pending before this Court.

## II. DISCUSSION

Defendant moves to dismiss this litigation pursuant to the first-filed rule because it is duplicative of *Burgess I*.[1] "[A] district court has authority as part of its inherent power over its docket administration to stay or dismiss a suit that is duplicative of another case then pending in federal court." *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citation omitted). "[T]he later-filed suit [should] be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit." *Id.*; *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions."). While application of the first filed rule is not mandatory, the party opposing its application bears the burden of establishing "compelling circumstances" to

---

[1] To the extent Plaintiff argues that this Court must first address the pending Motion to Remand before addressing the first filed rule, her argument is without merit. "Because a dismissal under the first filed rule is not a determination of the merits, the Court need not establish that it has subject matter jurisdiction over this action before proceeding to consider whether the first filed rule should be applied in this case." *Marietta Drapery & Window Coverings Co. v. N. River Ins.*, 486 F. Supp. 2d 1366, 1368 n.2 (N.D. Ga. 2007) (citations omitted).

warrant an exception to the first-filed rule. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citation omitted).

Having reviewed the claims in both cases, it is clear that this litigation is not only duplicative but identical. Plaintiff does not dispute this fact but instead argues that it would be unjust to apply the first filed rule in this case. Specifically, Plaintiff accuses Defendant of impermissible jurisdictional gamesmanship and argues that her rights will be hindered if she is unable to proceed in this subsequently filed litigation. This Court is without sympathy to Plaintiff's perceived plight.

As an initial matter, Plaintiff filed *Burgess II* before the stay was entered in *Burgess I*, rendering any argument that the subsequent litigation was necessary to avoid prejudice both insincere and wholly without merit. Moreover, it was Plaintiff that requested the stay in *Burgess I*. She cannot now argue that her rights will be prejudiced by the very stay she requested. It is also without question that the appropriate means to address any such harms would be by motion in *Burgess I*, not by refiling a second case while the first remains pending.

Furthermore, Plaintiff's argument that she would be allowed to proceed in this identical litigation in state court is disingenuous and contrary to well-established law. Numerous Florida appellate courts have held that it is an abuse of discretion to allow duplicative litigation to proceed in the state courts while a federal case remains pending. *See, e.g.*, *Fla. Crushed Stone Co. v. Travelers Indem. Co.*, 632 So. 2d 217, 220 (Fla. 5th DCA 1994) ("[I]t is nonetheless an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed federal action which involves the same parties and the same or substantially similar issues."); *City of Miami Beach v. Miami*

*Beach Fraternal Order of Police*, 619 So. 2d 447, 447 (Fla. 3d DCA 1993) ("It is well established that when a previously filed federal action is pending between the same parties or privies on the same issues, a subsequently filed state court action ordinarily should be stayed until the determination of the federal action."). Accordingly, Plaintiff has not shown any compelling circumstances weighing against application of the first filed rule.

Finally, Plaintiff has not presented this Court with any argument or justification for her blatant attempts to have her cake and eat it too. Plaintiff's arguments that she is somehow entitled to simultaneously maintain identical cases against Defendant in both state and federal courts appear to be utterly frivolous—particularly where the prejudice that she argues will occur is exclusively of her own making. Plaintiff's vexatious and ridiculous litigation tactics have resulted in the unnecessary expenditure of substantial resources by this Court and Defendant. Accordingly, Plaintiff and Plaintiff's counsel will be ordered to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and this Court's inherent authority.

### III. CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 18) is **GRANTED in part**. To the extent that Defendant seeks dismissal pursuant to the first filed rule, the Motion is granted. In all other respects, the Motion is **DENIED without prejudice**.
2. This case is **DISMISSED without prejudice**.
3. The Motion to Remand (Doc. 15) is **DENIED as moot**.

4. On or before **May 14, 2020**, Plaintiff and Plaintiff's counsel of record shall **SHOW CAUSE** why sanctions, up to and including monetary sanctions and an award of Defendant's attorneys' fees and costs, shall not be imposed against each pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and this Court's inherent authority.

**DONE AND ORDERED** in Orlando, Florida on April 30, 2020.

*[signature]*

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

5